UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BURTON G. BRUNSON**                                                **CIVIL ACTION**

**VERSUS**                                                                       **NO. 17-9853**

**CITY OF NEW ORLEANS, ET AL.**                        **SECTION: G (3)**

## ORDER

Pending before the Court is Defendants City of New Orleans, Mitchell J. Landrieu, and Professional Account Management, LLC's (collectively, "Defendants") "Motion to Dismiss."[1] This motion was filed on February 2, 2018, and set for submission on February 28, 2018.[2] Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date. Plaintiff has filed no opposition, timely or otherwise, and therefore the Court deems this motion unopposed. District courts may grant an unopposed motion, as long as the motion has merit.[3] Having considered the motion, the memorandum in support, the record, and applicable law, for the reasons discussed below, the Court will grant the motion and dismiss this action without prejudice pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, as Plaintiff does not have standing to bring this action.

---

[1] Rec. Doc. 17.

[2] *Id.*; Rec. Doc. 17-4.

[3] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001); *John v. State of La. (Bd. Of Trustees for State Colleges and Universities)*, 757 F.2d 698, 709 (5th Cir. 1985).

1

## I.  Background

Plaintiff filed the Complaint on September 29, 2017, asserting claims under the Fifth and Eighth Amendments of the United States Constitution and under the Racketeer Influenced and Corrupt Organizations Act ("RICO").[4] Plaintiff alleges that on October 6, 2016, Plaintiff legally "parked a car" on the 600 block of City Park Avenue in New Orleans, Louisiana, and returned to find a parking citation and the car immobilized by a device attached to the car's front wheel.[5] Plaintiff asserts that he called the phone number listed on the citation, which directed him to "Pam Nola," and paid $331 to have the device removed.[6] Plaintiff seeks (1) the return of the $331 he allegedly paid, multiplied by three pursuant to "18 U.S.C. 96 1964," (2) $400 filing costs and an additional $100 for expenses related to filing the Complaint; and (3) $1,000 "as a token response to the stress caused by the aggression of the defendants."[7]

On November 20, 2017, the Court issued a RICO Standing Order, requiring Plaintiff to file a RICO Case Statement within 21 days of entry of the Order.[8] In the RICO Case Statement, Plaintiff alleges that the parking citation related to "a prior moving violation involving the car but not the plaintiff."[9] Plaintiff also alleges a conspiracy between Defendants to extort citizens for a "fictitious moving violation" and that Defendant Professional Account Management, LLC had no authority to collect fees from moving violations.[10]

---

[4] Rec. Doc. 1 at 3.

[5] *Id.* at 4.

[6] *Id.*

[7] *Id.*

[8] Rec. Doc. 8.

[9] Rec. Doc. 11 at 1.

[10] *Id.* at 2.

On February 2, 2018, Defendants filed the instant motion to dismiss.[11] Plaintiff did not file an opposition, timely or otherwise.

## II. Parties' Arguments

### A.    *Defendants' Arguments in Support of Motion to Dismiss*

Defendants first argue that Plaintiff lacks standing to bring this suit and the Complaint should therefore be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.[12] Defendants contend that Plaintiff does not meet the minimum standard to establish standing under the constitutional case-or-controversy, which requires "(1) an injury in fact, by which is meant an invasion of a legally protected interest; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision."[13] Defendants further argue that the law requires Plaintiff to assert his own legal rights and interests and not those of third parties, noting a Fifth Circuit decision that determined that homeless persons who were not convicted under the a city's sleeping-in-public ordinance could not challenge the constitutionality of the law.[14]

Defendants assert that Plaintiff fails to meet the constitutional requirements for standing as Plaintiff did not receive the camera ticket at issue and was not the registered owner of the vehicle that was immobilized.[15] Defendants cite the RICO Case Statement, where Plaintiff states that the moving violation, which caused the vehicle to be booted, did not involve Plaintiff.[16] Furthermore,

---

[11] Rec. Doc. 17

[12] *Id.*

[13] Rec. Doc. 17-1 at 4–5 (citing *D'Aquin v. Rodriguez*, No. CV 15-2637, 2016 WL 6520143, at *1 (E.D. La. Nov. 3, 2016)).

[14] *Id.* at 5 (citing *Johnson v. City of Dallas*, 61 F.3d 442 (5th Cir. 1995)).

[15] *Id.*

[16] *Id.*

3

On February 2, 2018, Defendants filed the instant motion to dismiss.[11] Plaintiff did not file an opposition, timely or otherwise.

## II. Parties' Arguments

### A.    *Defendants' Arguments in Support of Motion to Dismiss*

Defendants first argue that Plaintiff lacks standing to bring this suit and the Complaint should therefore be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.[12] Defendants contend that Plaintiff does not meet the minimum standard to establish standing under the constitutional case-or-controversy, which requires "(1) an injury in fact, by which is meant an invasion of a legally protected interest; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision."[13] Defendants further argue that the law requires Plaintiff to assert his own legal rights and interests and not those of third parties, noting a Fifth Circuit decision that determined that homeless persons who were not convicted under the a city's sleeping-in-public ordinance could not challenge the constitutionality of the law.[14]

Defendants assert that Plaintiff fails to meet the constitutional requirements for standing as Plaintiff did not receive the camera ticket at issue and was not the registered owner of the vehicle that was immobilized.[15] Defendants cite the RICO Case Statement, where Plaintiff states that the moving violation, which caused the vehicle to be booted, did not involve Plaintiff.[16] Furthermore,

---

[11] Rec. Doc. 17

[12] *Id.*

[13] Rec. Doc. 17-1 at 4–5 (citing *D'Aquin v. Rodriguez*, No. CV 15-2637, 2016 WL 6520143, at *1 (E.D. La. Nov. 3, 2016)).

[14] *Id.* at 5 (citing *Johnson v. City of Dallas*, 61 F.3d 442 (5th Cir. 1995)).

[15] *Id.*

[16] *Id.*

3

Defendants provide an Affidavit of a city adjudications administrator, who authenticated the notice of violation, which identifies Mary B. Sommers ("Sommers") as receiving the ticket for the moving violation and Sommers as the registered owner of the vehicle.[17]

Finally, Defendants contend that Plaintiff's alleged payment of the camera ticket does not confer Plaintiff with standing, as the Fifth Circuit has specifically rejected the idea a plaintiff "could bootstrap standing by expending its resources in response to actions of another."[18]

Defendants also assert that in the event the Court finds that Plaintiff does have standing, Plaintiff's claims should still be dismissed, pursuant to Rule 12(b)(6), for failure to state a claim for which relief may be granted.[19] Defendants argue that Plaintiff has failed to state a due-process violation under the Fifth and Fourteenth Amendments, as Plaintiff does not allege he owns the car and the ticket in question was issued to another person.[20] For similar reasons, Defendants contend that Plaintiff's Eight Amendment claim should be dismissed and further argues that the City's policies related to fines for moving violations are constitutional.[21] Defendants also argue that Plaintiff has failed to meet any of the requirements to plead a RICO claim against Defendants.[22] Last, Defendants assert that Plaintiff has failed to adequately plead claims against Defendant Mitch Landrieu in his individual capacity.[23]

---

[17] Rec. Doc. 17-2 and 17-3.

[18] Rec. Doc. 17-1 at 5 (quoting *Ass'n of Community Orgs. for Reform Now v. Fowler*, 178 F.3d 350, 358–59 (5th Cir. 1999)).

[19] *Id.* at 6.

[20] *Id.* at 6–8.

[21] *Id.* at 8–11.

[22] *Id.* at 11–17.

[23] *Id.* at 17–18.

### B.  *Plaintiff's Arguments in Opposition*

The motion was set for submission on February 28, 2018, with opposition to the motion due by February 20, 2018. As noted above, no opposition, timely or otherwise, has been filed.

## III.  Legal Standard

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by the Constitution and statute."[24] Thus, under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[25] A motion to dismiss for lack of constitutional standing is reviewed under Rule 12(b)(1).[26] A dismissal under Rule 12(b)(1) is without prejudice because it "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction."[27]

In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on: (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts.[28] The plaintiff, as the party asserting jurisdiction, has the burden of proving subject matter jurisdiction by a preponderance of the evidence.[29] Where a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, including brought under Rule 12(b)(6), "the court should

---

[24] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[25] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1000 (5th Cir. 1998) (internal citation omitted).

[26] *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 409 (5th Cir. 2008).

[27] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[28] *Den Norske Stats Ojeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). *See also Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981).

[29] *See Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (internal citations omitted).

5

consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[30]

## IV. Analysis

Defendants argue that Plaintiff lacks standing to bring this case because he did not receive the camera ticket at issue and because he was not the registered owner of the immobilized vehicle. As noted above, Plaintiff did not file an opposition to Defendants' motion to dismiss.

As explained *supra*, Plaintiff, as the party asserting jurisdiction, bears the burden of proving subject matter jurisdiction. "Article III of the United States Constitution limits the jurisdiction of federal courts to actual 'Cases' and 'Controversies.'"[31] "The doctrine of standing provides definition to these constitutional limits by 'identify[ing] those disputes which are appropriately resolved through the judicial process.'"[32] "To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable opinion."[33] As the Fifth Court has explained, a plaintiff must assert his own legal rights and interests and cannot base his claim for relief on the legal rights or interest of third persons.[34] Furthermore, the Fifth Circuit has explained that a plaintiff cannot "bootstrap standing by expending its resources in response to actions of another."[35] In the context of a claim for deprivation of constitutional rights,

---

[30] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[31] *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015) (quoting U.S. Const., art. III, § 2).

[32] *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

[33]*Id.* (citing *Lujan*, 504 U.S. at 560.

[34] *Warth v. Seldin*, 422 U.S. 490, 499 (1975); see also Crane, 783 F.3d at 251).

[35] *Ass'n for Retarded Citizens of Dallas v. Dallas Cty. Mental Health & Mental Retardation Ctr. Bd. of Trustees*, 19 F.3d 241, 244 (5th Cir. 1994); *see also Ass'n of Cmty. Organizations for Reform Now v. Fowler*, 178 F.3d 350, 358 (5th Cir. 1999) (quoting *Ass'n for Retarded Citizens of Dallas*, 10 F.3d at 241).

the Fifth Circuit has held that plaintiffs "[are] required to prove some violation of their personal rights."[36]

Here, Plaintiff's claims arise out of the alleged illegal immobilization of a car that Plaintiff had parked on the 600 block of City Park Avenue in New Orleans, Louisiana. Plaintiff admits that the car was immobilized and the parking citation was issued due to "a prior moving violation involving the car but not the plaintiff."[37] Defendants argue that Plaintiff lacks standing to raise these claims because he did not receive the moving violation at issue and is not the registered owner of the vehicle in question. Plaintiff failed to file an opposition to the instant motion, but in the RICO Case Statement, Plaintiff admits that he did not receive the moving violation in question. Further, Plaintiff does not allege that he was the owner of the vehicle in question, but instead states merely that the he "parked *a* car."

When considering subject matter jurisdiction, the Fifth Circuit has explained that courts can consider undisputed facts in the record.[38] Here, Defendants have attached the original notice of violation, which lists Sommers as the registered owner of the vehicle and an affidavit from an adjudication administrator for the City of New Orleans, who authenticated the notice of violation.[39] While Plaintiff does allege in the Complaint that he paid $331 to have the immobilizing device removed, as the Fifth Circuit has explained standing cannot be conferred upon a plaintiff merely

---

[36] *Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986)

[37] Rec. Doc. 11 at 1.

[38] *See Clark v. Tarrant Cty., Texas*, 798 F.2d 736, 741 (5th Cir. 1986); *see also Huff v. Neal*, 555 F. App'x 289, 296 (5th Cir. 2014).

[39] Rec. Doc. 17-3, Rec. Doc. 17-4.

because he expended resources in response to an alleged deprivation of another individual's constitutional rights.[40]

Because Plaintiff has failed to even allege that he was the registered owner of the vehicle that was immobilized or that he was the person involved in, or issued, the moving violation that gave rise to this action, Plaintiff has not meet his burden in showing that he has standing to bring this case. Furthermore, Defendants have presented undisputed facts that show Plaintiff neither owned the vehicle nor was issued the ticket in question. Therefore, the Court lacks subject matter jurisdiction over this case and must dismiss the action for lack of standing.[41]

### IV. Conclusion

For the reasons stated above, the Court lacks subject matter jurisdiction over this case and therefore dismisses this case without prejudice for lack of standing. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Rule 12(b)(1) Motion to Dismiss is **GRANTED** and the Complaint is hereby **DISMISSED WITHOUT PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this 15th day of August, 2018.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT JUDGE**

---

[40] *See Ass'n for Retarded Citizens of Dallas*, 10 F.3d at 241.

[41] As the Court lacks subject matter jurisdiction over this action, the Court declines to address grounds for dismissal under Federal Rule of Civil Procedure 12(b)(6).